John K. Longwell and Andrew G. Ege, administrators of John McCaleb, *vs.* Catharine Ridinger, administratrix of Peter Ridinger.—*June* 1843.

Where the administrator of a deceased tenant continues the tenancy of his intestate until after the death of the landlord, the owner of the fee; the rent due up to the last day of payment prior to the landlord's decease, might have been distrained for by him, and is therefore a preferred claim upon the assets of the deceased tenant found upon the demised premises, under the act of 1836, ch. 192.

Where the landlord resorts to a distress to recover rent, he is not entitled to interest on the sum in arrear.

For rent due and payable at the landlord's death, his administrator may claim a preference to be paid out of the assets of his deceased tenant, where the claim conforms to the act of 1836, ch. 192.

The remedy by distress for rent in arrear is not within the act of limitations.

Appeal from the *Orphans* Court of *Carroll* County.

On the 20th March 1843, the appellants filed their petition, alleging, that on the 10th May 1842, *Peter Ridinger* died intestate, and that the appellee is his administratrix; that their intestate died on the 2nd January 1843; that *McCaleb* demised to *Ridinger* on the 1st April 1835, a certain messuage and premises lying in said county, for the term of *three* years, to commence from that day, and after the end of said *three* years, from year to year, that is to say, that the lease was to continue from year to year, so long as the said parties could agree, and until the one or the other party gave the other party due and legal notice that the lease should determine; that *Ridinger* agreed to pay the yearly rent of one hundred dollars, payable half yearly; that he entered and was possessed until his death, when the sum of $498 of the rent aforesaid, for the space of seven years ending on the 1st April 1842, had become due and was unpaid, and is still in arrear; that said *Ridinger* resided on the premises at the time of his death, at which time and long afterwards, his principal personal property to the value of $1,000, consisting, &c., was being and remaining on the premises, subject to being distrained for said rent, and for which a distress by law might have been made: that the said *Catharine*, admin-

istratrix as aforesaid, has continued upon said demised premises up to this time; that half a year's rent became due on the 1st October last, and another half year's rent will be due on the 1st April next; that there is at this time a large quantity of growing grain on the said premises, liable by law to be distrained for the said rent, and that the petitioners claims have a preference over all other claims against said deceased's estate.   Prayer, that the administratrix pay the said claim in full and in preference over all other claims, and for other relief, citation, &c.

The account filed with the petition, (exhibit A,) charged the rent as follows:

"PETER RIDINGER to *John McCaleb*,          DR.
1st October, 1835.   To ½ year's rent of farm from 1st April
                              last till date,    -    ··    -    $50
                              To 7 years interest on the same,      21

The account was so made up from 6 months to 6 months, until October 1842, and amounted to $907.50, giving various credits with interest thereon, $358.14.   It was submitted with an affidavit in the usual form to the orphans court, who endorsed it as follows:

10*th October* 1842.   The foregoing account will pass when paid.   The orphans court being satisfied of the justice of the claim.                    Test,           J. B., Register, &c.

The petition was then amended and the lease produced, by which it appeared that *Ridinger* agreed to pay *McCaleb*, or to his heirs, the reserved rent, &c.   The inventory of the personal estate of the deceased *Ridinger* was also exhibited.

The answer of the appellee did not admit to be true any of the facts mentioned in the petition of the appellants, but put them to proof thereof, nor the accuracy of the account to which she pleaded the statute of limitations, and also denied that this claim was entitled to any preference.

The petitioners then prayed the court to direct plenary proceedings to be taken in the cause, which was done.

On the 17th April 1843, the orphans court decreed that the appellee should pay the appellants the sum of fifty dollars, be-

ing the amount of rent due for the premises, which accrued from the 1st April 1842 to the 1st October 1842, with the interest thereon, the said sum being in the opinion of this court a claim against the estate of the said *Peter Ridinger,* for which a distress might be levied, and being justly due to said estate of said *John McCaleb,* and for which this court will allow the said administratrix of the said *Peter* in full as for a preferred claim, and that she pay all costs, &c.

The administrators of *McCaleb* appealed to this court.

By the act of 1836, ch. 192, it is enacted, that from and after the 1st day of May next, all claims for rent in arrear against deceased persons, for which a distress may be levied by law, after the death of the deceased, shall have preference over all other claims against said deceased's estate, except such as now have a preference over claims for rent in arrear, without the levying of a distress therefor, and the administrator or executor of any deceased person is authorised to pay and discharge such claim for rent in arrear, provided the orphans court of the county shall be satisfied of the justice of said claim, and that a distress therefor might be levied on said deceased's goods and chattels, in the hands of such administrator or executor; and provided also, that nothing in this act contained shall be construed to divest or in any manner impair the right of any person having a claim for rent in arrear against a deceased person, to pursue his remedy therefor by distress in the cases, and in the manner now allowed by law.

SEC. 2. And be it enacted, that the orphans court, before passing or allowing any such claim in the settlement of the accounts of an administrator or executor, shall be satisfied, on proof of the correctness of the claim, and that a distress could be levied and maintained therefor, but nothing in this act contained shall be construed to compel an administrator or executor to pay any such claim, although passed by the orphans court, if he shall think proper to dispute said claim.

The cause was argued before BUCHANAN, C. J., STEPHEN, ARCHER, DORSEY, CHAMBERS and SPENCE, J.

By RAYMOND for the appellants, and
By MAULSBY for the appellee.

By THE COURT—

This court is of opinion that the rent in arrear due from Peter Ridinger to John McCaleb on the 1st day of October 1842, could have been distrained for by the said McCaleb, who died on the 2nd January 1843, the administratrix of the said Peter Ridinger having continued the tenancy of her intestate up to the time of, and after the death of the said McCaleb, the landlord and owner of the fee of the said demised premises. It is therefore further ordered, adjudged and decreed, that the claim of the said appellants to and for the sum of $457.16, under and in conformity to the act of 1836, ch. 192, be and the same is hereby approved and passed, as having a preference over all other claims against the said Peter Ridinger's estate, except such as are excepted by the said act of 1836, and that the said appellee be and he is hereby authorised to pay the same to the said appellants.

DECREE REVERSED WITH COSTS.