(Decided 23d July, 1867.)

---

John B. Keller *vs.* George Weber and Wyand Doerner.

*Distress.*

A landlord may distrain during the term, after the death of the tenant and before administration granted, for rent due and in arrear.

Appeal from the Circuit Court for Allegany County.

This was an action of *Replevin* brought on the 18th September, 1863, by the appellees against the appellant.

It appears that a certain John Young leased to one John A. Rinehart certain premises in the town of Cumberland, which he entered upon and occupied as a dwelling, until the 12th of September, 1863, with his wife and children, and having the property in controversy on the premises, for the use of himself and family. He died on the 12th of September, 1863, before the expiration of his term, and leaving $850 of the rent due and in arrear. After his death, and before letters of administration were granted upon his estate, Young issued a distress warrant to the appellant as his bailiff, and he, as such, took the property in controversy. The appellees claimed it under a mortgage executed by Rinehart, and replevied it from the appellant immediately after it was taken by him under the distress. The pleadings in the case are sufficiently stated in the opinion of this Court.

The cause was argued before Bowie, C. J., Bartol and Crain, J.

*J. H. Gordon,* for the appellant.

The question to be determined in this case is, whether or not the seizure of the goods on the demised premises, by distress, during the term, but after the death of the tenant and before administration granted, for rent due and in arrear, is lawful or not?

It is conceded by the appellees that if letters of administration had been granted, and a personal representative of Rinehart had been constituted before the seizure by distress, it would then have been legal. This principle is settled by *Longwell and Ege vs. Ridinger,* 1 *Gill,* 57. But they contend that the seizure was unlawful, because there was no administrator to whom notice could be given as required by the *Statute of* 2 *Will. & Mary, Sess.* 1, *ch.* 5, *sec.* 2, which provides that if " the tenant or owner of the goods so distrained shall not, within five days next

after such distress taken, and notice thereof, (with the cause of such taking,) left at the chief mansion house, or other most notorious place on the premises charged with the rent distrained for, replevy the same," then the landlord may sell the property distrained. *Archbold's Land. & Ten.*, 120. This notice, however, was not necessary at common law to enable the landlord to seize the property by way of distress, nor indeed was any kind of notice; not even a demand of the rent. *Offut vs. Trail*, 4 *H. & J.*, 20; *Lear vs. Caldecott*, 4 *Adolp & Ellis*, 127, 128; *Smith's Land. & Ten.*, 170, 171.

At common law three things only were necessary to enable the landlord to distrain, viz: a demise at a rent certain, rent due and in arrear, and property on the premises liable to distress. These things concurring, the right to seize the property by way of distress was complete, and also the right to hold the property distrained as a pledge for the payment of the rent. The *Statute of 2 Will. & Mary* was passed for the benefit of the landlord. It takes from him no remedy or right which he had at common law, but on the contrary it increases and enlarges his remedy, by authorizing a sale of the property distrained. And it is only when he desires to avail himself of this cumulative remedy provided by the Statute, that he is required to give the notice to the tenant or owner of the property distrained. *Dwarris on Stat.*, 674; *Wright vs. Freeman*, 5 *Har. & John.*, 475. In this last case the Court of Appeals say: "An interest in a private way was known to the common law, and a new legislative mode of acquiring such right is not the creation of a new right, but only an additional means by which the same right may be acquired." And so in this case, the right to sell the distress, given by the statute, is only cumulative, and does not take from the landlord the common law right to seize and hold it as a pledge to secure the payment of the rent.

And it must be observed that the appellant had proceeded no further than this. He had simply seized the property and had it in his custody as bailiff, when it was taken from him by the sheriff under the writ of replevin. And unless the Court will construe the *Statute of 2 Will. & Mary,* to take away or restrain the common law right to seize and hold the property as a pledge, they cannot make the taking in this case unlawful.

There can be no question in this case about the right to distrain on account of the character or ownership of the goods. They were on the demised premises, and did not belong to any of the excepted classes which are exempt from distress.

The landlord had a lien on the goods on the premises, on account of the place in which they were, and not on account of the person to whom they belonged. *Woodfall's Land. & Ten.,* 311; *Lear vs. Caldecott,* 4 *Adol. & Ellis, N. S.,* 128. And he may therefore distrain any goods on the premises, no matter to whom they belong. *Trieber vs. Knabe & Betts,* 12 *Md.,* 494; *Longwell & Ege vs. Redinger,* 1 *Gill,* 57; *Smith's Land. & Tenant,* 129, 130; 8 *Watts & Serg.,* 302, *Caldcleugh vs. Hollingsworth; McKenney vs. Reader,* 6 *Watts,* 40; *Walter vs. Rumbal,* 1 *Ld. Raym.,* 53.

And the landlord may distrain for rent so long as the premises charged with rent, and out of which it issues, is in the possession of him who ought to pay it, or in the possession of any one that claims by or under him. *Woodfall's Land. & Ten.,* 300.

And it can only be taken away by that which amounts to a dissolution of the tenancy. *Woodfall's Land. & Ten.,* 314, 317, 563, 593; *Gilbert vs. Moody,* 17 *Wendell,* 354.

Rinehart being a married man, and his wife living with him, he died during the tenancy, leaving his wife in possession. She was therefore lawfully in possession after his death, under his right as tenant, and was tenant by

sufferance to the lessee, and to his administrator after his death. 4 *Kent's Com.*, 116 ; *Taylor's Land. & Ten.*, sec. 64 *and* 65 ; *Woodfall's Land. & Ten.*, 177.

*Thomas J. McKaig* and *Thomas A. Hopkins*, for the appellees, contended :

That the landlord could not distrain on property found on the premises of a deceased tenant, for rent in arrear, before letters of administration had been granted on the estate of the deceased. 3 *Black. Com.*; 6 *Comyn's Dig. Distress*; 1 *Coke Lit.*, 439, *n. A*; 3 *Coke Lit.*, 253, *n. A*, also, 267 ; *Code Pub. Genl. Laws, Art.* 53, *sec.* 12 ; *Arch. Land. & Ten.*, 126, 127 ; *Trail, use of Buckey, vs. Snouffer*, 6 *Md. Rep.*, 308 ; *Bowine vs. Gatliffe*, 7 *Man. & Gran.*, 850; (49 *Eng. Com. Law*,) *Coggs vs. Bernard*, 2 *Ld. Raym.*, 918 ; *White vs. Mann*, 26 *Maïne*, 361.

Bowie, C. J., delivered the opinion of this Court.

The appellees sued the appellant in replevin, for taking and detaining various goods and chattels. The defendant made cognizance, as bailiff of one Young, in whose behalf he distrained the goods mentioned, for rent in arrear, due and owing by one Rinehart, as tenant of a dwelling house, by virtue of a certain demise, etc. Secondly, upon a demise to Rinehart, since deceased, but during the term, the said dwelling being in the occupation of the wife of the deceased. To the first cognizance, the appellee pleaded, "*non tenuit*," and no rent in arrear, and thirdly, that at the time of the taking, Rinehart was dead, and no administration had been granted. The appellant joined issue on the first and second pleas of the appellees and demurred to their third. The issues in fact do not appear to have been tried, the Court below having overruled the demurrer to the third plea, judgment was entered thereon for the defendants, from which this appeal is taken. The question raised by the demurrer is, whether a landlord

may distrain during the term for rent due, after the death of the tenant, but before administration granted. The remedy by distress, is not an action prosecuted by one party against another, to which of necessity there must be a plaintiff and a defendant, but a proceeding *in rem,* given by the common law to the landlord, whereby he seizes and holds the property found on the premises, as a pledge, until the tenant redeems the property by payment of the rent. 3 *Black. Com.*, 7; *Smith's Landlord and Tenant*, 220. By the *Act of* 2d *Will. and Mary, ch.* 5, *sec.* 2, it was enacted, where goods were distrained for rent due, and the tenant or owner of them did not within five days next after the distress and notice thereof left at the chief mansion house, or other most notorious place upon the premises, charged with rent, replevy the same, the person distraining, having first appraised, might sell the same toward satisfaction of the rent, etc. This statute was a remedial one, as much for the benefit of the landlord, as the tenant, giving a cumulative remedy, not abridging any that before existed. It does not require personal notice, but notice to be left at the mansion, or other chief place of abode. If the tenant be dead, those who occupy under the lease, come in subject to all the antecedent rights of the landlord. A distress may be made upon the land, so long as it is in possession of him that ought to pay, or any claiming by, from or under him. 4 *Coke Rep.*, 50; *Comyn's Dig.*, 3 *vol.*, 477. The case of *Longwell and Ege vs. Ridinger*, 1 *Gill,* 57, shows that the right of distress by the landlord, after the death of the tenant, his administratix continuing in possession, was recognized by this Court. The demurrer admits the demise was continuing and unexpired, and that Emma Rinehart, wife of the tenant, who had resided on the premises with her late husband, continued to occupy them. She was in, either rightfully or wrongfully; if the former, she was tenant, if the latter, she was executrix *de son tort. Vide* 1 *H. Black.*,

467, where a general avowry was held good under 11 *Geo. II.*, *ch.* 19.

The plea, that there were no letters of administration, does not necessarily imply a want of notice. The notice is a preliminary to the sale, not to the distress, on the regularity of which, the right of possession of the goods depends. If they were legally distrained, a subsequent irregularity might subject the landlord to an action, but does not deprive him of his lien on the property distrained. 11 *Geo. II.*, *ch.* 19, *sec.* 19 ; *Smith's Landlord and Tenant,* 180, 181, *in mar.* The English authorities are clear that a want of notice does not render the distress invalid. *Trent vs. Hunt,* 9 *Exch.* 14 ; *Tancred vs. Leyland,* 16 *Adolph. & Ellis, N. S.,* 669 ; (71 *Eng. Com. Law, R.,* 669.) Independently of authority, we should reach the same conclusion upon principle. It follows from these premises, there was error in the judgment below and the same is reversed.

*Judgment reversed and procedendo awarded.*

(Decided 18th October, 1867.)