MARY D. BROWN, ADMINISTRATRIX OF SARAH D. MANNING, v. ISRAEL HOWELL.

Argued November 8, 1900—Decided February 25, 1901.

1. A distress for rent may lawfully be made after the death of the tenant, provided the term continues and the tenant has appointed an executor or administration has been granted upon his estate.

2. If a distress be made after the tenant has died intestate and before administration has been granted, the administrator subsequently appointed, whose title runs back by relation to the death of the intestate, cannot treat as a tort a distraint which would have been lawful if he had then actually been administrator.

3. The goods and chattels of a deceased tenant belonging to his personal representatives are not exempt from distress as the property of some other person than the tenant.

4. A sale of goods distrained cannot lawfully be made by the landlord without complying with the statute authorizing such a sale, and a notice of the preliminary inventory and appraisement, left at the most notorious place on the demised premises, is not such *notice to the tenant* as the act requires.

On demurrer to plea.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON and COLLINS.

For the plaintiff, *Mr. Edwin Robert Walker.*

For the defendant, *Bayard Stockton.*

The opinion of the court was delivered by

DIXON, J.   On demurrer to a plea intended to justify a conversion of goods, it appeared that Sarah D. Manning, at the time of her death in October, 1897, was tenant under the defendant of a store in Trenton; that five months' rent became due on November 1st, 1897, and thereupon the defendant seized the goods in the store, which had belonged to the tenant, and sold them as a distress for the rent.   Afterwards, in September, 1899, the plaintiff was appointed administratrix of said Sarah's estate and in that character brought the present suit.

The plaintiff contends that, after the death of a tenant intestate, and when there is no administrator, a distress for rent cannot be legally levied.   A close examination of the nature of this ancient remedy seems to support this contention.

At the common law, rent and the right to distrain therefor arose out of the tenure of land, which implied a lord or lessor

and a tenant between whom there existed a privity of estate. If the rent had been reserved to a stranger, or if the lessor had granted away the reversion to another to whom the tenant had not attorned, or if the term of the tenant had ended, there could be no distress for rent, because there was no privity of estate between him to whom and him from whom the rent was due. *Bradb. Dist.* 28, 31, 37, 39, 127. On this principle, the executor or administrator of a lessor, in whom had been vested an estate in fee-simple, fee-tail or for life, and to whom, in his lifetime, rent had become due from his tenant, could not distrain for the arrearages, since such a freehold estate would not pass to the personal representative, and so between the latter and the tenant there is not the requisite privity. *Prescott* v. *Boucher, 3 Barn. & Ad.* 849. To remedy this defect the first section of 32 *Hen. VIII., c.* 37, was passed, which is copied almost *verbatim* in section 20 of our Distress act. *Gen. Stat., p.* 1207. But in this enactment the common law necessity of seizin or possession in the tenant or someone claiming under him is preserved. In the case just cited it was held that this statute did not embrace a lessee for years.

If, however, the estate of the lessor had been an estate for years, so that on his death it passed to his personal representative, then the latter came into privity of estate with the tenant, and had, by the common law, a right to distrain. *Bradb. Dist.* 82.

So, also, if the tenant die leaving an unexpired term which has passed to his executor or administrator, the requisite privity between the lessor and such personal representative exists, and the goods in his hands remaining on the demised premises may be distrained for rent accrued either before or after the death of the tenant. *Braithwaite* v. *Cooksey, 1 H. Bl.* 465; *Bradb. Dist.* 112. But if the tenancy were at will, and so terminated by the death of the tenant, the right of distress at common law was gone, and was not preserved by 8 *Anne, c.* 14 (section 17 of our act), because there could be no possession or estate in the right of the tenant. *Turner* v. *Barnes, 2 Best & S.* 435.

From these considerations it seems to follow that if the tenant die intestate leaving an unexpired term, there is not, before the appointment of an administrator, any person, representing the decedent, between whom and the lessor privity of estate can be said to exist, and hence the right to distrain must at least be suspended. The case of *Keller* v. *Weber,* 27 *Md.* 660, scarcely antagonizes this view, for there the wife of the tenant, who continued to reside on the demised premises after her husband's death, was regarded as his executrix *de son tort,* and so the case was brought within the recognized rule. But in the present case it is not alleged that anyone had possession of the store demised after the death of the plaintiff's intestate.

There is, however, another legal doctrine to be considered, which the plaintiff must invoke in order to show her own right to sue for the alleged tort, and which being invoked may perhaps justify the distress.

At the time of this alleged tort the plaintiff had no right to or in the goods distrained and sold, and her right now to sue for their conversion springs out of the doctrine of relation, a legal fiction by which she is regarded as having been possessed of her intestate's personal property from the time of the latter's death. This doctrine, after full examination of the authorities, was established by the decision in *Tharpe* v. *Stallwood,* 5 *Man. & G.* 760, and is settled law. 11 *Am. & Eng. Encycl. L.* (*2d ed.*) 908. But *"in fictione juris consistit æquitas,"* and if by this fiction of the law the plaintiff has been possessed of her intestate's personal property since the latter's death, so as to be able to sue for a wrong committed against that property, equity would seem to dictate that if the fictitious possession, in case it had been real, would have converted the alleged wrong into a rightful act, then such act cannot, through the fiction, be treated as a tort; and we have already seen that if at the time of levying the distress the plaintiff had really been the tenant's administratrix, possessing her intestate's unexpired term and her goods upon the premises, then the distress of distrainable goods would have been lawful. This appears to have been the view enter-

tained in *Tharpe* v. *Stallwood, ubi supra,* where the adminis-
trator of a tenant brought trespass against the landlord for
a distress levied after the tenant's death and before the grant
of administration. It seems there to have been assumed by
both counsel and judges that if the defendant had produced
legal proof of the lease and had confined his seizure to goods
upon the demised premises, his defence would have prevailed.
We are therefore of opinion that the plaintiff is precluded
from maintaining, upon her title as administratrix by rela-
tion, any action for the distress, so far as that distress would
have been lawful if she had then been administratrix in fact.

The next question is whether the goods were distrainable.

Our statute has so far changed the common law as to
exempt from distraint the goods and chattels of any other
person than the tenant. In *Hoskins* v. *Paul,* 4 *Halst.* 110,
this provision of the statute was considered not to exempt
property which the tenant, after the rent became due and
before the distress, had assigned for the benefit of his credi-
tors. The principle of the decision was that, when no other
person than the tenant or his representative had any sub-
stantial interest in the property, it would remain subject to
distraint as at common law. The later cases of *Allen* v.
*Agnew,* 4 *Zab.* 443; *Hamilton* v. *Hamilton,* 1 *Dutcher,* 544;
*Woodside* v. *Adams,* 11 *Vroom* 417, and *Newell* v. *Clark,* 17
*Id.* 363, are in accord with this principle. In the present
case there was no interest in any other person than the ten-
ant's potential representative, and hence the property was
not exempt on account of ownership.

Conceding, however, the right of the defendant to seize the
goods as a distress, still the present plea fails to show a suffi-
cient defence. For, by the common law, the landlord could
only hold possession of the goods distrained, without any
right to sell, and the pleadings before us aver that the defend-
ant converted and sold the goods. To justify such a sale the
statute must be followed, and that requires as a preliminary
an inventory and appraisement of the goods made "on two
days' notice to the tenant." The plea alleges merely that
notice was "left at the most notorious place on the premises

demised." As the original tenant was dead and there was not as yet any representative of her personal rights, such notice cannot by any reasonable liberality of construction be · deemed *notice to the tenant*. · While notice is not required to legalize a distress (*Tancred* v. *Leyland,* 16 *Q. B.* 669), it is necessary for a regular sale. *Trent* v. *Hunt,* 9 *Exch.* 14, 20. The sale of the goods was therefore irregular, and for that the plaintiff can maintain an action under the twelfth section of the Distress act. *Gen. Stat., p.* 1210.

The plaintiff is entitled to judgment on the demurrer.